UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALONZO LAMOTTE                                          CIVIL ACTION

VERSUS

LOUISIANA DEPT. OF CORRECTIONS, ET AL.                  NO. 09-0011-FJP-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 3rd day of Sept, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALONZO LAMOTTE                                                              CIVIL ACTION

VERSUS

LOUISIANA DEPT. OF CORRECTIONS, ET AL.                      NO. 09-0011-FJP-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The pro se petitioner, Alonzo Lamotte, a prisoner recently released from confinement and residing in Baton Rouge, Louisiana, challenges the defendants' interpretation of La. R.S. 15:571.3 and 15:571.5, which statutes provide for an inmate's early release from physical confinement upon the earning of good-time credit toward such early release. The petitioner complains that the State, instead of providing him with an unconditional release from prison upon the expiration of his diminished sentence, has wrongfully made his release conditioned upon onerous restrictions and limitations upon his freedom, including payment of a monthly supervision fee of $53.00 and continued monthly supervision and monitoring, together with the threat of future confinement if he fails to comply with the stated conditions. He contends that he was not informed of the requirement, contained in La. R.S. 15:571.5, that a good-time release be "as if on parole". He complains, therefore, that application of the statute as applied to him is unconstitutional, and that the effect of this statute will essentially be to subject him to a violation of his constitutional rights to due process and equal protection, to subject him to potential double jeopardy, and to extend the length of his sentence without due process by placing him in a form of supervised confinement.

In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement,

including <u>future</u> confinement, and seeking immediate or earlier release from that confinement, is appropriately pursued through habeas corpus channels. In the instant case, the petitioner complains that, after granting him a good-time release, the defendants have violated his constitutional rights by imposing future supervision requirements, by mandating the payment of monthly fees, and by subjecting him to the threat of future physical confinement upon violation of the conditions placed upon his release. The effect of the petitioner's claim is to seek a release from or diminution of his supervised "confinement". <u>See</u> <u>Serio v. Members of the Louisiana State Bd. of Pardons</u>, 821 F.2d 1112, 1117 (5th Cir. 1987).

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required first to exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. <u>Bufalino v. Reno</u>, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation. <u>Robinson v. Wade</u>, 686 F.2d 298 (5th Cir. 1982); <u>Fain v. Duff</u>, 488 F.2d 218 (5th Cir. 1973), <u>cert. denied</u>, 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies. <u>McGee v. Estelle</u>, 722 F.2d 1206 (5th Cir. 1984)(en banc). Without reaching the merits of the petitioner's claims, it is clear from a review of his application that he has not exhausted state court remedies as mandated by federal statute.[1] Therefore, his application for relief must be

---

[1] Although the petitioner asserts that there is no procedural mechanism by which he can challenge the constitutionality of La. R.S. 15:571.5 in the state courts, he is incorrect in this regard. The state courts have recognized that a claim such as that made by the petitioner herein, while not subject to the Louisiana Corrections Administrative Remedy Procedure and not

denied and his petition dismissed, without prejudice to later application upon exhaustion of state court remedies.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for a writ of habeas corpus be dismissed, without prejudice to later application upon exhaustion of state court post-conviction remedies.

Baton Rouge, Louisiana, this 3rd day of Sept, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

---

"appealable" as such from the Louisiana Parole Board, is nonetheless "a claim involving a liberty interest or asserting deprivation of a constitutionally protected right" and, as such, "is a traditional civil matter over which the district court retains original jurisdiction". See Ferrington v. Louisiana Bd. of Parole, 886 So.2d 455 (La. App. 1st Cir. 2004), writ denied, 904 So.2d 741 (La. 2005).